**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VENESSA DOBNEY,

        Plaintiff,

    v.

THE WALT DISNEY COMPANY, *et al*.,

        Defendants.

Case No.: 1:23-cv-05380-MMG

**DEFENDANT THE WALT DISNEY COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Walt Disney Company ("TWDC") by and through its attorneys, hereby answers the Complaint filed by plaintiff Venessa Dobney ("plaintiff"), as follows:

1. TWDC admits that plaintiff purports to bring this action under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), but denies any implication in Paragraph 1 of the Complaint that plaintiff has a viable cause of action or that plaintiff is entitled to any relief. The footnote in Paragraph 1 contains no factual assertions to which TWDC is required to respond. To the extent that TWDC is required to respond, TWDC denies any implication that TWDC and American Broadcasting Companies, Inc. ("ABC") are a single employer. TWDC further denies the remaining allegations in Paragraph 1 of the Complaint.

2. TWDC admits that TWDC is an indirect parent company of ABC, and states that the referenced website speaks for itself.

3.      TWDC admits that plaintiff is a Black woman and worked in ABC News' Finance Department for ten years, but denies the remaining allegations in Paragraph 3 of the Complaint.

4.      TWDC denies each and every allegation in Paragraph 4 of the Complaint.

5.      TWDC denies each and every allegation in Paragraph 5 of the Complaint.

6.      TWDC denies each and every allegation in Paragraph 6 of the Complaint.

7.      TWDC denies each and every allegation in Paragraph 7 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint[1] constitute conclusions of law to which TWDC is not required to respond.

10.     The allegations in Paragraph 10 of the Complaint constitute conclusions of law to which TWDC is not required to respond.  To the extent that TWDC is required to respond, TWDC admits that this District is the most appropriate and convenient venue for this action.

11.     TWDC admits that plaintiff is a Black woman who worked in ABC News' Finance Department for ten years.  TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint that plaintiff resides in and is a citizen of New Jersey.  TWDC denies the remaining allegations in Paragraph 11 of the Complaint.

12.     TWDC admits the allegations in Paragraph 12 of the Complaint that TWDC is incorporated in Delaware, headquartered in Burbank, California, and that TWDC is authorized to do business in New York and is the indirect corporate parent company of ABC which does do business in New York.

---

[1]  The paragraphs beginning in the "Jurisdiction and Venue" Section of the Complaint are misnumbered.  To avoid confusion, defendant TWDC has continued with the numbering convention used in the Complaint.

13.    TWDC admits the allegations in Paragraph 13 of the Complaint.

14.    TWDC admits the allegations in Paragraph 14 of the Complaint that ABC is an indirect subsidiary of TWDC.

15.    The allegations in Paragraph 15 of the Complaint constitute conclusions of law to which TWDC is not required to respond.  To the extent that TWDC is required to respond, TWDC denies the allegations in Paragraph 15 of the Complaint.

16.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and on that basis denies them.

17.    TWDC admits that Ms. Barrett is a Caucasian woman but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint and on that basis denies them.

18.    TWDC denies each and every allegation in Paragraph 18 of the Complaint.

19.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and on that basis denies them.

20.    TWDC denies the allegation in the first sentence of Paragraph 20 of the Complaint.  TWDC admits the allegation in the second sentence of Paragraph 20 of the Complaint.

21.    TWDC denies each and every allegation in Paragraph 21 of the Complaint.

22.    The allegations in Paragraph 22 of the Complaint constitute conclusions of law to which TWDC is not required to respond.  To the extent that TWDC is required to respond, TWDC denies the allegations in Paragraph 22 of the Complaint.

23.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and on that basis denies them.

24.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and on that basis denies them.

25.    TWDC denies each and every allegation in Paragraph 25 of the Complaint.

26.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and on that basis denies them.

27.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and on that basis denies them.

28.    TWDC denies each and every allegation in Paragraph 28 of the Complaint.

29.    TWDC denies each and every allegation in Paragraph 29 of the Complaint.

30.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and on that basis denies them.

31.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and on that basis denies them.

32.    TWDC denies each and every allegation in Paragraph 32 of the Complaint.

33.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and on that basis denies them.

34.    TWDC denies each and every allegation in Paragraph 34 of the Complaint.

35.    TWDC denies each and every allegation in Paragraph 35 of the Complaint.

36.    TWDC denies each and every allegation in Paragraph 36 of the Complaint.

37.    TWDC denies each and every allegation in Paragraph 37 of the Complaint.

38.    TWDC denies each and every allegation in Paragraph 38 of the Complaint.

39.    TWDC denies each and every allegation in Paragraph 39 of the Complaint.

40.    TWDC denies each and every allegation in Paragraph 40 of the Complaint.

41.    TWDC denies each and every allegation in Paragraph 41 of the Complaint.

42.     TWDC denies each and every allegation in Paragraph 42 of the Complaint.

43.     TWDC denies each and every allegation in Paragraph 43 of the Complaint.

44.     The time period covered by the allegations in Paragraph 44 of the Complaint is vague and ambiguous and TWDC denies the allegations on that basis.

45.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint and on that basis denies them.

46.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint and on that basis denies them.

47.     TWDC denies each and every allegation in Paragraph 47 of the Complaint.

48.     TWDC denies each and every allegation in Paragraph 48 of the Complaint.

49.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint and on that basis denies them.

50.     TWDC denies each and every allegation in Paragraph 50 of the Complaint.

51.     TWDC denies each and every allegation in Paragraph 51 of the Complaint.

52.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint and on that basis denies them.

53.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint and on that basis denies them.

54.     TWDC denies each and every allegation in Paragraph 54 of the Complaint.

55.     TWDC denies each and every allegation in Paragraph 55 of the Complaint.

56.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint and on that basis denies them.

57.     TWDC denies each and every allegation in Paragraph 57 of the Complaint.

58.     TWDC denies each and every allegation in Paragraph 58 of the Complaint.

59.    TWDC denies each and every allegation in Paragraph 59 of the Complaint.

60.    TWDC denies each and every allegation in Paragraph 60 of the Complaint.

61.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint and on that basis denies them.

62.    TWDC denies each and every allegation in Paragraph 62 of the Complaint.

63.    TWDC denies each and every allegation in Paragraph 63 of the Complaint.

64.    TWDC denies each and every allegation in Paragraph 64 of the Complaint.

65.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 65 of the Complaint that plaintiff delivered her baby several weeks early.  TWDC denies the remaining allegations in Paragraph 65 of the Complaint.

66.    TWDC denies each and every allegation in Paragraph 66 of the Complaint.

67.    TWDC denies each and every allegation in Paragraph 67 of the Complaint.

68.    TWDC denies each and every allegation in Paragraph 68 of the Complaint.

69.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint and on that basis denies them.

70.    TWDC denies each and every allegation in Paragraph 70 of the Complaint.

71.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint and on that basis denies them.

72.    TWDC denies each and every allegation in Paragraph 72 of the Complaint.

73.    TWDC denies each and every allegation in Paragraph 73 of the Complaint.

74.    TWDC denies each and every allegation in Paragraph 74 of the Complaint.

75.    TWDC denies each and every allegation in Paragraph 75 of the Complaint.

76.    TWDC admits that Euris Peña ("Mr. Peña") is a male employee but denies the remaining allegations in Paragraph 76 of the Complaint.

6

77.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint and on that basis denies them.

78.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint and on that basis denies them.

79.     TWDC denies each and every allegation in Paragraph 79 of the Complaint.

80.     TWDC denies each and every allegation in Paragraph 80 of the Complaint.

81.     TWDC denies each and every allegation in Paragraph 81 of the Complaint.

82.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint and on that basis denies them.

83.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint and on that basis denies them.

84.     TWDC denies each and every allegation in Paragraph 84 of the Complaint.

85.     TWDC denies each and every allegation in Paragraph 85 of the Complaint.

86.     TWDC denies each and every allegation in Paragraph 86 of the Complaint.

87.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint and on that basis denies them.

88.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint and on that basis denies them.

89.     TWDC denies each and every allegation in Paragraph 89 of the Complaint.

90.     TWDC denies each and every allegation in Paragraph 90 of the Complaint including the allegations in footnote 3 in Paragraph 90 of the Complaint.

91.     TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Complaint and on that basis denies them.

92.     TWDC denies each and every allegation in Paragraph 92 of the Complaint.

7

93.  TWDC denies each and every allegation in Paragraph 93 of the Complaint.

94.  TWDC denies each and every allegation in Paragraph 94 of the Complaint.

95.  TWDC denies each and every allegation in Paragraph 95 of the Complaint.

96.  TWDC denies each and every allegation in Paragraph 96 of the Complaint.

97.  TWDC denies each and every allegation in Paragraph 97 of the Complaint.

98.  TWDC denies each and every allegation in Paragraph 98 of the Complaint.

99.  TWDC denies each and every allegation in Paragraph 99 of the Complaint.

100.  TWDC denies each and every allegation in Paragraph 100 of the Complaint.

101.  The allegation in Paragraph 101 of the Complaint that the New York City's Salary Transparency Law went into effect in 2022 constitutes a conclusion of law to which TWDC is not required to respond. TWDC denies the remaining allegations in Paragraph 101 of the Complaint.

102.  TWDC denies each and every allegation in Paragraph 102 of the Complaint.

103.  TWDC denies each and every allegation in Paragraph 103 of the Complaint.

104.  TWDC denies each and every allegation in Paragraph 104 of the Complaint.

105.  TWDC denies each and every allegation in Paragraph 105 of the Complaint.

106.  TWDC denies each and every allegation in Paragraph 106 of the Complaint.

107.  The allegations in Paragraph 107 of the Complaint constitute conclusions of law to which TWDC is not required to respond. To the extent TWDC is required to respond, TWDC denies the allegations in Paragraph 107 of the Complaint.

108.  TWDC denies the allegations in Paragraph 108 of the Complaint but admits that a Disney-brand logo is displayed in the office buildings located at 47 and 77 West 66th Street, New York City, New York.

109.    The allegations in Paragraph 109 of the Complaint, including footnote 4, constitute conclusions of law to which TWDC is not required to respond. To the extent that TWDC is required to respond, TWDC denies the allegations in Paragraph 109 of the Complaint and states that the press release speaks for itself. TWDC further denies any implication in Paragraph 109 of the Complaint that TWDC and ABC are a single employer.

110.    TWDC admits that the launch of the Media and Entertainment Distribution ("DMED") organization was announced in October 2020, but denies the remaining allegations in Paragraph 110 of the Complaint and denies any implication that TWDC and ABC are a single employer.

111.    TWDC denies any implication in Paragraph 111 of the Complaint that TWDC and ABC are a single employer, and further states that the press release dated October 12, 2020 announcing DMED speaks for itself.

112.    TWDC states that the SEC Form 10/K filed on November 24, 2021 speaks for itself, and denies the remaining allegations in Paragraph 112 of the Complaint.

113.    TWDC admits that plaintiff was engaged in financial analysis supporting ABC News, and denies the remaining allegations in Paragraph 113 of the Complaint.

114.    TWDC denies each and every allegation in Paragraph 114 of the Complaint.

115.    TWDC admits that job postings for positions at ABC are posted on the website: http://jobs.disneycareers.com, and further states that the website speaks for itself. TWDC denies the remaining allegations in Paragraph 115 of the Complaint.

116.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 of the Complaint and on that basis denies them.

117.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 of the Complaint and on that basis denies them.

9

118. TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 of the Complaint and on that basis denies them.

119. TWDC denies each and every allegation in Paragraph 119 of the Complaint.

120. TWDC denies each and every allegation in Paragraph 120 of the Complaint.

121. TWDC denies each and every allegation in Paragraph 121 of the Complaint.

122. The term "common vendor" is vague and ambiguous, and as such TWDC denies the allegations in Paragraph 122 of the Complaint.

123. TWDC denies each and every allegation in Paragraph 123 of the Complaint.

124. TWDC denies each and every allegation in Paragraph 124 of the Complaint.

125. TWDC admits that ABC News employees are subject to certain corporate policies such as the Standards for Business Conduct and the Employee Policy Manual, but denies the remaining allegations in Paragraph 125 of the Complaint.

126. TWDC denies each and every allegation in Paragraph 126 of the Complaint.

127. TWDC states that the website speaks for itself and denies the remaining allegations in Paragraph 127 of the Complaint.

128. TWDC denies each and every allegation in Paragraph 128 of the Complaint.

129. TWDC lacks knowledge or information sufficient to form a belief about whether plaintiff spoke repeatedly to Carla Collins between March and July 2020. TWDC denies the remaining allegations in Paragraph 129 of the Complaint.

130. TWDC denies each and every allegation in Paragraph 130 of the Complaint.

131. TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 of the Complaint and on that basis denies them.

132. TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 of the Complaint and on that basis denies them.

133.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 of the Complaint and on that basis denies them.

134.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 of the Complaint and on that basis denies them.

135.    TWDC denies each and every allegation in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint constitute conclusions of law to which TWDC is not required to respond. To the extent that TWDC is required to respond, TWDC states that the term "common management" is vague and ambiguous and as such TWDC denies this allegation.

137.    TWDC denies each and every allegation in Paragraph 137 of the Complaint.

138.    TWDC denies each and every allegation in Paragraph 138 of the Complaint.

139.    TWDC denies each and every allegation in Paragraph 139 of the Complaint.

140.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140 of the Complaint and on that basis denies them.

141.    TWDC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141 of the Complaint and on that basis denies them.

142.    TWDC denies the allegation in Paragraph 142 of the Complaint that TWDC and ABC share common ownership. TWDC further states that the term "exercises financial control" is vague and ambiguous and as such TWDC denies the allegation that TWDC exercises financial control over ABC.

143.    TWDC admits that ABC is an indirect subsidiary of TWDC and that TWDC is a publicly traded company whose shareholders include different types of investors.

144.    TWDC states that the term "substantial revenue" is vague and ambiguous and as such TWDC denies the first sentence of Paragraph 144 of the Complaint. TWDC lacks

11

knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 144 of the Complaint and on that basis denies them.

145.   Defendants admits that ABC News is subject to budget cuts and reductions of head counts.

146.   TWDC admits that Bob Iger announced in February 2022 that there would be 7,000 layoffs, and denies the remaining allegations in Paragraph 146 of the Complaint.

147.   TWDC states that Kim Godwin's memorandum in March 2023 regarding layoffs speaks for itself.  TWDC denies the remaining allegations in Paragraph 147 of the Complaint.

148.   TWDC reincorporates its answers to Paragraphs 1 through 147 of the Complaint as though fully set forth herein in response to Paragraph 148 of the Complaint.

149.   TWDC denies each and every allegation in Paragraph 149 of the Complaint.

150.   TWDC denies each and every allegation in Paragraph 150 of the Complaint.

151.   TWDC denies each and every allegation in Paragraph 151 of the Complaint.

152.   TWDC denies each and every allegation in Paragraph 152 of the Complaint.

153.   TWDC reincorporates its answers to Paragraphs 1 through 152 of the Complaint as though fully set forth herein in response to Paragraph 153 of the Complaint.

154.   TWDC denies each and every allegation in Paragraph 154 of the Complaint.

155.   TWDC denies each and every allegation in Paragraph 155 of the Complaint.

156.   TWDC denies each and every allegation in Paragraph 156 of the Complaint.

157.   TWDC denies each and every allegation in Paragraph 157 of the Complaint.

158.   TWDC denies each and every allegation in Paragraph 158 of the Complaint.

159.   TWDC reincorporates its answers to Paragraphs 1 through 158 of the Complaint as though fully set forth herein in response to Paragraph 159 of the Complaint.

160.   TWDC denies each and every allegation in Paragraph 160 of the Complaint.

161.    TWDC denies each and every allegation in Paragraph 161 of the Complaint.

162.    TWDC denies each and every allegation in Paragraph 162 of the Complaint.

163.    TWDC denies each and every allegation in Paragraph 163 of the Complaint.

164.    TWDC reincorporates its answers to Paragraphs 1 through 163 of the Complaint as though fully set forth herein in response to Paragraph 164 of the Complaint.

165.    TWDC denies each and every allegation in Paragraph 165 of the Complaint.

166.    TWDC denies each and every allegation in Paragraph 166 of the Complaint.

167.    TWDC denies each and every allegation in Paragraph 167 of the Complaint.

168.    TWDC denies each and every allegation in Paragraph 168 of the Complaint.

169.    TWDC reincorporates its answers to Paragraphs 1 through 168 of the Complaint as though fully set forth herein in response to Paragraph 169 of the Complaint.

170.    TWDC denies each and every allegation in Paragraph 170 of the Complaint.

171.    TWDC denies each and every allegation in Paragraph 171 of the Complaint.

172.    TWDC denies each and every allegation in Paragraph 172 of the Complaint.

173.    TWDC denies each and every allegation in Paragraph 173 of the Complaint.

174.    TWDC denies each and every allegation in Paragraph 174 of the Complaint.

175.    TWDC reincorporates its answers to Paragraphs 1 through 174 of the Complaint as though fully set forth herein in response to Paragraph 175 of the Complaint.

176.    TWDC denies each and every allegation in Paragraph 176 of the Complaint.

177.    TWDC denies each and every allegation in Paragraph 177 of the Complaint.

178.    TWDC denies each and every allegation in Paragraph 178 of the Complaint.

179.    TWDC denies each and every allegation in Paragraph 179 of the Complaint.

180.    TWDC reincorporates its answers to Paragraphs 1 through 179 of the Complaint as though fully set forth herein in response to Paragraph 180 of the Complaint.

181.    TWDC denies each and every allegation in Paragraph 181 of the Complaint.

182.    TWDC denies each and every allegation in Paragraph 182 of the Complaint.

183.    TWDC denies each and every allegation in Paragraph 183 of the Complaint.

184.    TWDC denies each and every allegation in Paragraph 184 of the Complaint.

185.    The Prayer for Relief in the unnumbered paragraph following Paragraph 184 of the Complaint contains no factual assertions to which TWDC is required to respond.  To the extent the Prayer for Relief may be deemed to require a response, TWDC denies each and every allegation in this paragraph and further denies that compensatory damages, punitive damages, attorneys' fees, costs, and expenses, or any other relief sought is appropriate or required.

186.    All allegations in the Complaint not specifically admitted are hereby denied.

### AFFIRMATIVE DEFENSES

TWDC reserves the right to supplement or amend its Answer to include additional affirmative defenses as additional information becomes available.  In setting forth the following "affirmative defenses," TWDC does not concede that it has the burden of proof or production on any of them.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state facts sufficient to constitute a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

TWDC is absolved from any liability in the action filed by plaintiff because of defendant's full compliance with all statutes, regulations, law and standards in effect at the time of the conduct which supposedly gave rise to the injuries alleged to have occurred.

### THIRD AFFIRMATIVE DEFENSE

TWDC and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they acted. Accordingly, plaintiff is barred, in whole or in part, from any relief in this action.

### FOURTH AFFIRMATIVE DEFENSE

TWDC is not responsible for plaintiff's alleged harm because defendant's conduct was legally permissible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed, neglected and/or refused to mitigate damages, or in the alternative, to the extent plaintiff has mitigated her damages, TWDC is entitled to offset those amounts she has earned.

### SIXTH AFFIRMATIVE DEFENSE

Any purported damages or injury to plaintiff, which TWDC denies, were not proximately caused by any acts or omissions of TWDC.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish any *prima facie* claim of discrimination or retaliation under the NYSHRL or NYCHRL.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because defendant's decisions with respect to plaintiff's employment were made for legitimate, nondiscriminatory, non-pretextual reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there is no evidence that any adverse employment action was a pretext for unlawful discrimination.

## TENTH AFFIRMATIVE DEFENSE

The adverse employment actions alleged by plaintiff would have occurred irrespective of plaintiff's race or any other protected status.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of retaliation against defendants under the NYSHRL and NYCHRL are barred because there is no causal connection between any protected activity taken by plaintiff and any alleged adverse action taken by defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against defendant under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against TWDC are barred because TWDC was not plaintiff's employer, and TWDC and ABC do not constitute a single employer.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statues of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to amend its affirmative defenses and allege further affirmative defenses as they may become known through the course of discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, defendant prays for the following relief:

16

1.      That plaintiff take nothing by her Complaint;

2.      That plaintiff's Complaint be dismissed with prejudice in its entirety;

3.      That defendant be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and

4.      That defendant be awarded such other and further relief as this Court deems just and proper.

Dated:   March 4, 2024                    Respectfully Submitted,
         New York, New York

                                          McDERMOTT WILL & EMERY LLP


                                          By:   /s/ Kerry Alan Scanlon
                                                Kerry Alan Scanlon (admitted *pro hac vice*)
                                                David Beach
                                                500 North Capitol Street, N.W.
                                                Washington, D.C. 20001
                                                Telephone:   (202) 756-8696
                                                Facsimile:   (202) 591-2791
                                                kscanlon@mwe.com

                                                *Attorneys for The Walt Disney Company*