

**Kimberly Kalmanson**
PARTNER

w (646) 759-3655
c (718) 974-4500
f (646) 513-2936
e kim@kalmansoncohen.com
Admitted in NY Only

April 11, 2024

**Via ECF**
Hon. Margaret M. Garnett
U.S. District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

> **Re:** ***Dobney v. The Walt Disney Co., et al., 23 CV 05380***

Dear Judge Garnett:

The parties in the above-referenced matter submit this joint letter pursuant to Rule II(A)(5) of your Individual Rules & Practices.

Plaintiff Venessa Dobney, a Black woman, alleges that she was employed for ten years by Defendant American Broadcasting Companies, Inc. ("ABC") and by Defendant The Walt Disney Company ("TWDC") as a single employer. Ms. Dobney alleges, *inter alia*, that Defendants engaged in race-based discrimination and retaliation in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Specifically, Plaintiff alleges that she was an excellent employee, but was treated less favorably than her non-Black colleagues; suffered retaliation in myriad ways, including being subject to a "punishing" workload far exceeding those of her non-Black counterparts after she made protected complaints; denied promotions for which she was qualified on patently pretextual grounds; and constructively discharged.

Each Defendant denies Plaintiff's material allegations and asserts that at all times they each complied with all applicable laws. TWDC also maintains that it was not Plaintiff's employer and does not constitute a single employer with ABC and as such, Plaintiff cannot maintain her causes of action against TWDC. Each Defendant asserts that Plaintiff has failed to identify a single statement, comment or anecdote with a racial connotation or a single example of racial or retaliatory animus to support her claims of racial discrimination and retaliation. Defendants assert that there is no direct evidence of any racial or retaliatory motive and the circumstantial evidence fails to identify any employees of a different race who were similarly situated in all material respects and who were treated more favorably than the Plaintiff, and so the claims fail as a matter of law. Defendants further assert that Plaintiff has failed to provide any evidence that she was denied a promotion or paid less on account of her race, or that she was unlawfully retaliated against or constructively discharged from her job.

Defendants filed a motion to dismiss in August 2023. That motion was denied on January 29, 2024 by Judge J. Paul Oetken. Each party reserves the right to file a motion for summary judgment. The case was referred to mandatory mediation on March 11, 2024, and the parties are in the process of preparing for the mediation which is scheduled for May 3, 2024. The parties are also prepared to begin discovery and to appear before Your Honor for an initial case management conference on April 18, 2024.

Respectfully yours,

**KALMANSON COHEN, PLLC**

/s/ Kimberly Kalmanson
By: Kimberly Kalmanson
*Counsel for Plaintiff*


**McDERMOTT, WILL & EMERY LLP**

/s/ Kerry Scanlon
By: Kerry Scanlon
David Beach
Counsel for *Defendants*